# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE KING/MOROCCO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-08964** |
| **MERCEDES BENZ OF NEW ORLEANS** | **SECTION: "B" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Reconsider Application to Proceed in District Court without prepaying fees or costs (R. Doc. 14)** filed by the Defendant **The King/Morocco ( a Sovereign Citizen)** seeking an order of the Court granting him permission to file the subject complaint without payment of fees.

## I.    Factual Background

This matter was filed by "The King/Morocco" a sovereign citizen[1] who seeks to enforce the treaty of Tripoli, the United Nations Declaration on the Rights of Indigenous People, the International Human Rights Law, Constitution of Morocco and Universal Declaration of Human Rights.  He alleges that on May 31, 2018 he went to Mercedes Benz of New Orleans seeking employment but was not able to receive an opportunity to be hired and nor was he allowed the opportunity to participate in an interview.  He alleges that the failure to interview him is discriminatory and that he was mentally traumatized by the decision.  He generally contends that his claim is based upon fraud, conspiracy, collusion and genocide but provides no facts to support

---

[1] Sovereign citizenship – a loosely organized collection of groups and individuals who have adopted a right-wing anarchist ideology originating in the theories of a group called the Posse Comitatus in the 1970s.  Its adherents believe that virtually all existing government in the United States is illegitimate… [Therefore, such] 'sovereign citizens" wage war against the government and other forms of authority using 'paper terrorism" harassment and intimidation tactics, and occasionally resorting to [physical violence. *Morrish Science Temple of America 4th & 5th Generation et. al v. Superior Court of New Jersey at. el.,* 212 WL  123405 (U.S.D.C. N.J. 2012)

such a claim. As a result, he seeks an award of punitive damages, "assumed damages", actual damages and pain and suffering.  He also seeks three million dollars in gold.

He filed a claim with the EEOC on September 26, 2018, which was denied and a right to sue letter was issued on June 28, 2018.  The right to sue letter was issued to "The King/Morocco" in his birth name Myron G. Simms Jr. ("Simms")  In the Charge of Discrimination, Simms alleges that he originally went to the dealership to apply for a sales position, which he contends he is qualified to do but was refused an interview in December 2016.

## II.     Standard of Review

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed in forma pauperis status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).

In all courts of the United States, the parties may plead and conduct their own cases personally or by *counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.  While a duly licensed attorney may operate as a law firm, *see Puckkett v. McPhillips Shinbaum, LLP* 2008 U.S. Dist. LEXIS 26215, 2008 WL  906569 (M.D. Ala. Mar. 31, 2008) [ an entity self-designating itself as a "law firm"], a person not duly admitted to legal practice but merely self-describing himself as an attorney…cannot act as an attorney.  This bar applies to an individual's attempt to act on behalf of any juridical entity or natural person in the court of law; he can only act as may represent any [plaintiff] he is an attorney duly admitted to practice in this District; otherwise, [the party] can act only represent himself.

**III.    Analysis**

"The King/Morroco" has filed this suit because as Simms he went to Mercedes Benz of New Orleans to apply for a job but did not receive an interview. While he filed this suit in his strawman name, "The King/ Morroco" suggesting that the Court only has power over the strawman , the Court can only accept a pauper application from a juridical person, Simms.

If the Court, for the sake of argument acknowledges "The King/Morroco", the strawman, when in fact it was Simms who applied for the job and was not interviewed, the claim by the strawman is legally frivolous.

Further, given the supporting documents filed by "The King/Morroco", plaintiff's allegations are couched in terms of the "sovereign citizen" argument, which "has been rejected repeatedly by the courts." *Smith v. United States*, No. 1:12-cv-00900, 2013 WL 5464723, at *1 (S.D. W. Va. Sept. 30, 2013) (quoting *Nunn v. United States*, No. 3:13-cv-12-MHT, 2013 WL 1099321, at *2 (M.D. Ala. Feb. 27, 2013) ).

Adherents to the "sovereign citizen" theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); see also *Presley v. Prodan*, No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features), Report and Recommendation adopted by 2013 WL 1342539 (D.S.C. Apr. 2, 2013).

Federal courts have repeatedly rejected the "sovereign citizen" theory as baseless. See, e.g., *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Jagim*, 978

F.2d 1032, 1036 (8th Cir. 1992) (explaining claim by defendant that he was "outside" the jurisdiction of the United States to be "completely without merit" and "patently frivolous" and rejecting it "without expending any more of this Court's resources on their discussion"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Chatman*, No. 4:17-cv-01556-RBH, 2017 WL 3704832, at *1 (D.S.C. July 28, 2017), Report and Recommendation adopted by 2017 WL 3676587 (D.S.C. Aug. 25, 2017); *Glover v. South Carolina*, No. 5:16-cv-00969-JMC, 2017 WL 1836982, at *1 (D.S.C. May 8, 2017), appeal dismissed sub nom., No. 17-6846, 2017 WL 5197454 (4th Cir. Nov. 8, 2017). In light of these cases and the allegations presented, Plaintiff's Complaint fails to state a claim for relief, and is therefore subject to summary dismissal on this basis alone. See *Gaskins v. South Carolina*, No. 2:15-cv-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (dismissing complaint by sovereign citizen, finding the complaint was "so 'patently insubstantial' that it may properly be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)").

Simply put, the only person who has a standing to submit a complaint about the denial of the employment opportunity at Mercedes Benz of New Orleans is Myron G. Simms Jr. Likewise, the only person who could prosecute the complaint and submit a pauper application is Myron G. Simms Jr.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS THEREFORE ORDERED** the **Motion to Reconsider Application to Proceed in District Court without prepaying fees or costs (R. Doc. 14)** is **DENIED and the Complaint**

4

**filed by "The King/Morroco"** is **DISMISSED** for lack of standing. Such dismissal is **without prejudice** as to **Myron G. Simms. Jr.** on his own behalf; AND

**IT IS FURTHER ORDERED** that **"The King/Morroco's"** pauper is **Denied with Prejudice**, on the grounds of inapplicability of 28 U.S. C. § 1915 to claims filed by juridical entities such as "The King/Morroco"**.** Such denial is **without prejudice** to **Myron G. Simms Jr. seeking** *in forma pauperis* **status on his own behalf.** This does not preclude Myron G. Simms Jr. from filing an action in his own name for the denial of his employment application.

New Orleans, Louisiana, this 29<u>th</u> day of July 2019.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

**Clerk to forward copy by email:
thekingmorocco33@gmail.com**